[No. B164765. Second Dist., Div. Seven. Aug. 26, 2003.]

ABRAHAM L., a Minor, et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES et. al., Real Parties in Interest.

## COUNSEL

Law Offices of Kenneth P. Sherman, Marissa Coffey and Judith Johnson for Petitioners.

Crandall, Wade & Lowe and Sarah L. Overton for Respondent.

Lloyd W. Pellman, County Counsel, Pamela S. Landeros, Deputy County Counsel, for Real Party in Interest Los Angeles County Department of Children and Family Services.

John J. O'Kane for Real Party in Interest Manuel V.

## OPINION

**JOHNSON, J.**—Petitioners Abraham L., Alejandro V. and Marcos V. (Children) are children who have been made dependents of the juvenile court. In this proceeding, they challenge the court's order terminating reunification with their parents and setting a hearing for the selection and implementation of permanent plans. (Welf. & Inst. Code, § 366.26, subd. (l);[1] Cal. Rules of

---

[1] All further statutory references are to the Welfare and Institutions Code.

Court, rule 39.1B.) We will grant relief, as the record shows the juvenile court failed to comply with statutory provisions governing placement of a sibling group.[2]

## FACTS

The Children constitute a sibling group of three half brothers who were removed from parental custody at the same time.[3] When they were initially detained in June 2002, Abraham was eight years old, Alejandro was six years old, and Marcos was four months old. In July 2002, the juvenile court sustained a petition filed by the Department seeking to declare the Children court dependents. The court ordered Abraham to be placed with the maternal grandmother, and Alejandro and Marcos to be placed with their paternal grandmother. Reunification services were ordered for the parents, and the six-month review hearing was set for January 9, 2003.

In its report for the six-month review hearing,[4] the Department advised the parents were in partial compliance with their case plans and the Children were doing well in their respective placements noting, however, visitation between the Children had been sporadic at times because the two grandmothers were "not making enough attempts to schedule sibling visitation." Despite the parents' failure to fully comply with their case plans, the Department recommended reunification continue until the 12-month review hearing, as it determined there was a substantial probability the Children could be returned to the parents within six months.[5]

---

[2] We note the Children's petition is not opposed by the Department of Children and Family Services (Department), and the father of Alejandro V. and Marcos V. has filed a joinder in the petition.

[3] A "sibling group" is defined as two or more children who are related to each other as full or half siblings. (§ 361.5, subd. (a)(3).)

[4] Section 366.21, subdivision (e).

[5] Section 361.5, subdivision (a), paragraph (3), provides: "For the purpose of placing and maintaining a sibling group together in a permanent home should reunification efforts fail, for a child in a sibling group whose members were removed from parental custody at the same time, and in which one member of the sibling group was under the age of three years on the date of initial removal from the physical custody of his or her parent or guardian, court-ordered services to some or all of the sibling group may be limited to a period of six months from the date the child entered foster care . . . ."

Under the provisions of section 366.21, subdivision (e), paragraph four, the court may schedule a hearing pursuant to section 366.26 within 120 days after the six-month hearing for any member of a sibling group whose youngest member was under the age of three on the date of the initial removal if it finds by clear and convincing evidence that the parent(s) failed to participate regularly in a court-ordered treatment plan, unless it finds there is a substantial probability the child may be returned to the parent(s) within six months, in which case the case must be continued to the 12-month hearing.

At the hearing, the Department's report was admitted into evidence and counsel stipulated to the testimony of the father of Alejandro and Marcos that he was attending drug treatment and parenting classes and was visiting regularly with his children. Counsel for the Department pointed out the father's stipulated testimony supported its recommendation of continued reunification, and strongly urged the court not set a hearing under section 366.26.[6] Counsel for the Children agreed, especially in view of the fact their separate placements would inevitably lead to separate guardianships if reunification were to be immediately terminated. Counsel for the mother and for Alejandro and Marcos' father joined in the requests for continued reunification.[7]

After hearing argument, the court announced it would reject the requests for continued services, terminate reunification, and set a hearing to select permanent plans for all three Children.[8] After explaining it considered the parents had not sufficiently complied with their case plans, the court mistakenly stated, "I've got a 10-month-old not in the same home as [the older] children." Counsel for the Children corrected the court, explaining 10-month-old Marcos was placed together with Alejandro, and nine-year-old Abraham was placed separately. The court stated, "Well, I'm not sure, then, that I'm going to be able to find legal guardianship in any case. There may be two separate plans in the same home. [¶] Whether the 10-month-old has a right to a relationship with his sibling, we don't know. We aren't there yet." The court proceeded to terminate reunification and set a date for a hearing under section 366.26.

## DISCUSSION

██ If a child is over the age of three when removed from parental custody, he is entitled to a minimum of 12 months of reunification services.[9] In the interest of expediting permanency and improving the chances of adoption for very young children, the Legislature has limited the reunification period to six months for children who are under three on the date of the initial removal.[10] In the case of a sibling group which includes children in both categories, at the six month hearing the court may split up the siblings

---

[6] Anticipating the court might reject the recommendation of continued reunification, counsel told the court, "I want you to go ahead to the [12-month review hearing] and not go anywhere else. I want to give these people another chance to get their children back, to get their lives together . . . ."

[7] Abraham's father was properly noticed but did not appear at any hearing.

[8] The court explained, "Okay. Well, I am in a unique position today. [¶] For the first time that I can remember, everybody is asking that the parents get more time except the court, and you haven't convinced me. [¶] So perhaps I'll be reversed. . . . We'll find out."

[9] Section 361.5, subdivision (a)(1).

[10] Section 361.5, subdivision (a)(2).

by expediting permanency for the younger sibling, expedite permanency for the entire sibling group (thus reducing the older siblings' minimum reunification period to six months), or continue the case to the 12-month hearing for all of the children (thus increasing the reunification period for the younger sibling).[11] The clear purpose of these provisions is to give the court flexibility to maintain a sibling group together in a permanent home.[12]

■ In furtherance of the societal interest in placing and maintaining a sibling group together in a permanent home, the Legislature has imposed strict requirements before the court may make a determination at the six-month hearing to schedule a section 366.26 hearing for some or all of the sibling group members. Section 366.21, subdivision (e), paragraph four, provides that in making its determination the court must review and consider the Department's report. Factors the report *must* address, and the court *must* consider, include the following: (a) whether the children were removed from parental care as a group; (b) the closeness and strength of the sibling bond; (c) the siblings' ages; (d) the appropriateness of maintaining the group together; (e) the detriment to each child if sibling ties are not maintained; (f) the likelihood of finding a permanent home for the group; (g) whether the group is currently placed together in a preadoptive home or has a concurrent plan goal of legal permanency in the home; (h) the wishes of each child whose age and condition permits a meaningful response; and (i) the best interest of each child in the group. Additionally, the court must specify the factual basis for its finding that it is in each child's best interest to schedule a section 366.26 hearing for some or all of the members of the sibling group.

■ In this case, neither the Department's report nor the court's findings and order complied with the statutory requirements. The Department's report failed to address the closeness and strength of the bond between the Children; the appropriateness of maintaining the Children together; the detrimental effect of severing sibling ties; or the wishes of the older children, who are clearly mature enough to indicate their preferences. And, in neither its oral ruling nor its order did the court indicate it had given consideration to the factors listed in the statute.[13]

In view of the deficiencies in the Department's report and the court's failure to comply with the statutory requirements, we conclude the order terminating reunification and setting a section 366.26 hearing must be vacated, and the six-month review rescheduled for a new hearing.

---

[11] Section 366.21, subdivision (e), paragraph three.

[12] Like the Legislature, the courts have recognized the right of children to the society and companionship of their siblings. (See, e.g., *In re Marriage of Williams* (2001) 88 Cal.App.4th 808, 814–815 [105 Cal.Rptr.2d 923].)

[13] As we have indicated earlier, the court even evidenced confusion as to which child was placed with whom.

## DISPOSITION

The petition is granted. The matter is remanded to the juvenile court, which is directed to proceed as follows: The court shall vacate its order of January 30, 2003, terminating reunification and setting a hearing pursuant to section 366.26; set a new six-month review hearing no sooner than 90 days after the date of its new order; order the Department to prepare a supplemental report for the hearing, specifically addressing (among other things) the facts listed in paragraph four of section 366.21, subdivision (e); and order reinstatement of family reunification pending the new six-month hearing.

Perluss, P. J., and Woods, J., concurred.

On September 18, 2003, the opinion was modified to read as printed above.